CHARLES WANDS, Respondent, v. CHICAGO, BURLINGTON & QUINCY RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, April 4, 1904.

RAILROADS: Crossing: Stop, Look and Listen: Instruction. It is the duty of a traveller about to drive across a railroad track to stop, look and listen, and it is error for the court to qualify such duty by instructing that the failure to perform must have been a negligent failure.

Appeal from Buchanan Circuit Court.—*Hon. Henry M. Ramey*, Judge.

REVERSED AND REMANDED.

*O. M. Spencer* and *H. J. Nelson* for appellant.

(1) The court erred in giving plaintiff's instruction number 1 over objection of the defendant, for the following reason: Because plaintiff's said instruction omits to state that it was the positive duty of the plaintiff to stop, look and listen a proper distance from the crossing and to continue to look out for engines after he started forward again toward the track. Hook v. Railway, 162 Mo. 582; Kelsay v. Railway, 129 Mo. 372; Barrie v. Transit Co., 76 S. W. 708; Dairy Co. v. Railway, 98 Mo. App. 26.

*John G. Parkinson* for respondent.

(1) The violation of the city ordinance requiring the defendant company to ring a bell on any of its locomotives while running in the city was negligence. Hutchinson v. Railway, 161 Mo. 246; Weller v. Railway, 164 Mo. 180. (2) The ordinance requiring the ringing of the bell on defendant's locomotive was intended to guard against the danger of injury from the frightening of teams travelling upon the highway near the crossing, as well as actual collision at the crossing; and it is actionable negligence to fail to comply with the city ordinance requiring the defendant to ring a bell upon its locomotive within the city limits when it results in permitting a traveller along a public thoroughfare to approach to a position near the track where his team is frightened, when if the warning had been given he would have remained at a safe distance from the track, thereby avoiding the frightening of his team and the consequent injury. Patterson on Railway Accident Law, sec. 161; Strong v. Railway, 61 Cal. 326; s. c., 11 American Negligence Cases 196; Ransom v. Railway, 62 Wis. 178; 58 N. H. 396; 3 Elliott on Railroads, p. 1986, sec. 1264; Rorer on Railroads, 552.

ELLISON, J.—The plaintiff in driving a team on the streets of the city of St. Joseph approached within three feet of a railway crossing when one of defendant's engines passed in front of the horses causing them to take fright and run away, throwing plaintiff out of the vehicle in which he was seated and injuring him severely. He brought this action for damages and recovered judgment for $2,000 in the trial court.

The petition charges negligence in defendant's violating three requirements of the city ordinances, viz.: in failing to ring the bell of the locomotive; in running at greater speed than five miles an hour; and in failing to have a watchman or flagman at the crossing.

As we understand the plaintiff's theory, it is that he drove his team so close up to the track that, though a gentle team, an engine suddenly passing would frighten it. And that he was led to drive into such position by reason of the bell not being rung and no flagman being at the crossing to warn him of the approach. We do not mean to confine plaintiff to any theory he may wish to advance on a retrial, and only state the appearance of the case as now presented.

There was evidence in behalf of plaintiff tending to show that he approached the crossing at an ordinary gait and that when within thirty feet of the track he stopped and looked and listened. That he heard no sound of approach of cars, and no ringing of a bell. That he could not see in the direction from which the engine came on account of a high board fence. On the other hand, there was evidence tending to prove, either that plaintiff did not look, or, if he did, he could have seen the engine's approach and remained a proper distance from the track until it passed.

In this condition of evidence the court gave for plaintiff an instruction which only made it necessary that plaintiff should have approached the crossing "in the exercise of care and caution," omitting to state his

duty to stop and look and listen. Defendant thereupon asked an instruction declaring it to have been the duty of plaintiff to have stopped, looked and listened, and that if he failed to do so he could not recover. This was altered by the court so as to make it read that if he "negligently" failed to stop, etc. This was error. In this State, to stop, look and listen (at least to look and listen, as, in some circumstances, it has been held unnecessary to stop) is held to be a specific duty and it is negligence to omit to do so. His failure to stop, look and listen in this case (if he did fail) was negligence barring his recovery, and his failure ought not to have been qualified by making it a negligent failure. Such qualification left the jury to say whether his omission to stop, look and listen was negligence; whereas, if the jury believed he failed, the court itself should declare the failure to be negligence.

Defendant had a right to the specific instruction as to the necessity of those specific acts—Murray v. Transit Co., 176 Mo. 183—and it was harmful error to destroy the effect of such declaration by the qualification inserted.

We are of the opinion that defendant's objection that the petition did not state a cause of action was properly disallowed.

We regard the court's action on defendant's refused instructions, excepting the one referred to above, as proper.

The judgment will be reversed and cause remanded. All concur.